IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY PICKETT,                :

      Plaintiff,              :

vs.                             :   CIVIL ACTION 08-00033-WS-B

OFFICER SMITH, *et al.*,        :

      Defendants.             :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff, who is incarcerated at Montgomery County Detention Facility in the Middle District of Alabama, named Officer James, Officer Smith, Officer Johnson, Officer Lockwood, Officer Williams, Officer Blair, Officer Franklin, Officer Parks, Officer Tolliver, Officer Kendrick, Officer Townson, Gina Savage, Director of Detention, and Sheriff D.T. Marshall as Defendants in his Section 1983 Complaint. (Doc. 4). Plaintiff lists their address as the Montgomery County Detention Facility, Montgomery, Alabama, which is in the Middle District of Alabama. The exact nature of

Plaintiff's claims against these Defendants is difficult to decipher; however, it appears Plaintiff's claims include the alleged theft of items he ordered from the Facility's canteen, the alleged theft of "over [a] million dollars" of legal materials, and the refusal of the Facility's employees to provide Plaintiff with a private cell separate from other inmates who take drugs or have communicable diseases. (Id.)

An action alleging violations under 42 U.S.C. § 1983 may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). When venue is not proper in the district of filing, a district court may, in the interest of justice, transfer the action to any other district where the action might have been brought. 28 U.S.C. § 1406(a).

Considering the fact that Defendants are located in the Middle District of Alabama and that the events giving rise to Plaintiff's claims are alleged to have occurred in the Middle District, venue is, therefore, lacking in this District. Accordingly, it is

recommended, in the interest of justice, that this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **13th** day of **February, 2008.**

                                         **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.