IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-172-WHA |
| | ) [WO] |
| | ) |
| OFFICER JAMES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Anthony Pickett ["Pickett"], an inmate and prolific litigant in this court. On two separate occasions in this case, Pickett has filed motions for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C.§ 1915(a). *Court Doc. No. 2* and *Court Doc. No. 5*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as

The records of this court establish that Pickett, while incarcerated or detained, has on at least seven occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *Pickett v. Hackett, et al.*, Civil Action No. 2:98-CV-1416-MHT (M.D. Ala. 1998), (2) *Pickett v. Suter, et al.*, Civil Action No.2:98-CV-1289-WHA (M.D. Ala. 1999), (3) *Pickett v. Esdale, et al.*, Civil Action No. 2:98-CV-1288-WHA (M.D. Ala. 1999), (4) *Pickett v. Brooks, et al.*, Civil Action No. 2:98-CV-477-ID (M.D. Ala. 1988), (5) *Pickett v. Price, et al.*, Civil Action No. 2:97-CV-1378-MHT (M.D. Ala. 1997), (6) *Pickett v. Price and Miller, et al.*, Appellate No. 97-6863 (September 2, 1998 order on appeal from dismissal of Civil Action No. 97-T-1378-N), and (7) *Pickett v. Montgomery Police Department*, Civil Action No. 2:97-CV-1371-WHA (M.D. Ala. 1998).[2]

In his complaint, Pickett makes allegations which are rambling, unintelligible and fairly delusional. A sampling of the complaint indicates Pickett believes jail personnel have "drugs within the body" and are injecting him with various communicable diseases. *Plaintiff's Complaint - Court Doc. No. 1* at 1. Pickett also complains he has been the victim

---

incorporated through the Fifth Amendment." In *Jones v. Bock*, ---- U.S. ----, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 127 S.Ct. at 921.

[2]The court notes Pickett initiated this case in the United States District Court for the Southern District of Alabama in an apparent attempt to circumvent this court's application of the "three strikes" provision of 28 U.S.C. § 1915(g).

of several thefts of property and illegal searches/seizures by individuals impersonating correctional officers which resulted in the loss of several hundred dollars worth of canteen items and "over millions [of] dollars of legal works [and] legal materials...." *Id*. at 1-2. He asserts that correctional officers "can't take store/canteen items or touch them [as these individuals] have drugs within the body, AIDS, etc." *Id*. at 3. Finally, Pickett maintains he is entitled to confinement in a "private cell" free from those inmates he contends have "drugs within the body...." *Id*. at 4.

The allegations made the basis of the pending complaint fail to demonstrate that Pickett was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that Pickett's motions for leave to proceed *in forma pauperis* are due to be denied and this case dismissed without prejudice as Pickett failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

**CONCLUSION**

Accordingly, it is

ORDERED that the motions for leave to proceed *in forma pauperis* filed by Anthony Pickett (Court Doc. No. 2 and Court Doc. No. 5) be and are hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case. It is further

ORDERED that **on or before March 31, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

 Done this 18th day of March, 2008.


        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE